UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

                                        Case No. 12-20054
SANDRA CAMPBELL et al.              Honorable Julian Abele Cook, Jr.

        Defendants.

## ORDER

On February 1, 2012, a grand jury returned a nine-count indictment against Sandra Campbell and Domonique Campbell, both of whom were accused of conspiring to (1) commit program fraud in violation of 18 U.S.C. §§ 666(a)(1)(A), 371; (2) launder money in violation of 18 U.S.C. §§ 1957(a), 1956(h); and (3) defraud the United States Government in violation of 18 U.S.C. § 371. These two Defendants were also accused by the grand jury in the following manner: (1) Sandra Campbell was accused of conspiring to commit wire fraud (one count) in violation of 18 U.S.C. § 1343, and conspiring to make a false statement on a federal income tax return (two counts) in violation of 26 U.S.C. § 7206, and (2) Dominique Campbell was charged with the making of a false statement on a federal income tax return (two counts) in violation of 26 U.S.C. § 7206.

Currently before the Court are the following motions which have been filed by (1) Dominique Campbell (motion to sever count seven); and (2) Sandra Campbell (motion to dismiss count three, or in the alternative, for the severance of the same count).

I.

Sandra Campbell, a contract accountant for the Detroit Public School District ("DPSD"), and Domonique Campbell, a schoolteacher within the DPSD, have been jointly accused by the Government of using restricted classified software for the purpose of placing unauthorized orders for material and services with a commercial vendor known as Definitive Concepts Company, Incorporated ("Definitive Concepts") - a sham enterprise that had been allegedly created by these two Defendants. According to the Government, Sandra Campbell - following the transmittal of these unauthorized orders - submitted fraudulent invoices from Definitive Concepts to the DPSD for the delivery of material and services that had never been authorized. Based upon the presumed legitimacy of these invoices (covering September 2004 until July 2008), the DPSD issued checks to Definitive Concepts in the amount of $549,477.88.

On the basis of its investigation, the Government concluded that these two Defendants had "laundered" these checks through a series of bank manipulations and, thereafter, failed to declare their respective receipt of the monies on their respective federal tax returns.[1]

II.

On October 25, 2012, Domonique Campbell filed a motion to sever count seven, arguing that the joinder of these charges in their present form will unfairly prejudice her defense. It is

---

[1] It should be noted that each Defendant has been charged with a crime that is not directly related to the claimed program fraud. For example, the grand jury - in count seven of the indictment - has accused Domonique Campbell of failing to report the proceeds that she received from the sale of her home in Detroit on her 2006 federal income tax return. The grand jury also returned an indictment (in count three) which accused the other Defendant (Sandra Campbell) of committing wire fraud in 2010 when she allegedly submitted an affidavit to her mortgage lender which falsely asserted that the sale of her home did not involve a family member.

her position that the issue of her alleged criminal conduct has been improperly joined under Fed. R. Crim. P. 8, which reads as follows:

> (a) Joinder of Offenses. The indictment or information may charge a defendant in separate counts with two or more offenses if the offenses charged - whether felonies or misdemeanors or both - are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.
>
> (b) Joinder of Defendants. The indictment or information may charge two or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

It is not clear as to whether Rule 8(a) or 8(b) is applicable in a situation where two defendants are joined together in an indictment, and only one of the accused persons challenges the joinder of a single count against her. "[C]ourts have traditionally held that Rule 8(a) applies only to a prosecution of a single defendant while Rule 8(b) applies exclusively whenever multiple defendants are involved, even if a defendant is contesting only the joinder of counts against [her]self." *United States v. Chapple*, No. 09-20224, 2010 WL 420009 (E.D. Mich. Jan. 29, 2010) (citing *United States v. Frost*, 125 F.3d 346, 389 (6th Cir. 1997)); *see also Zirker v. United States*, 253 F. App'x 573, 576 n.3 (6th Cir. 2007) ("[T]he weight of authority from outside of this Circuit suggests that Rule 8(b) applies in most cases involving more than one defendant."). However, the Sixth Circuit "has yet to decide whether it will follow the majority rule." *Zirker*, 253 F. App'x at 576 n.3; *see also United States v. McGuire*, No. 11-00003, 2012 WL 668803, at *5 n.5 (M.D. Tenn. Feb. 29, 2012).

Both sections of Rule 8 permit a joinder of charges that arise out of the same act or transaction. Fed. R. Crim. P. 8. "The primary difference between the two sections is that it is

easier to justify joinder under Rule 8(a) because, unlike Rule 8(b), it also permits joinder of offenses which are merely of the same or similar character." *Frost*, 125 F.3d at 389 (internal quotation marks omitted). In this case, the application of a joinder is proper even under the more stringent standard of Rule 8(b). As such, the Court need not consider the implication of the more lenient Rule 8(a). *See, e.g.*, *Chapple*, 2010 WL 420009, at *2 (declining to consider joinder under Rule 8(a) when it was proper under Rule 8(b)).

Domonique Campbell contends that the inclusion of count seven in the indictment creates an impermissible joinder because it does not arise out of the same act or transaction or a series of acts or transactions as the remaining counts, as required by Rule 8(b). Inasmuch as count seven only relates to her alleged failure to report the income from a real estate transaction, she maintains that "there is no nexus or logical relationship" with the remaining counts. She also disputes that this count involves her co-defendant, Sandra Campbell.

However, this argument does not take the Government's claim into account (namely, the failure of Domonique Campbell to accurately report her income constitutes an essential element of count eight which relates to the accusation that she conspired to defraud the federal government). *See, e.g.*, *United States v. Swift*, 809 F.2d 320, 322 (6th Cir. 1987) (finding joinder appropriate where one count constituted overt act of conspiracy count). According to count eight, these two Defendants conspired to defraud the federal government in 2009 by preparing and filing a false federal income tax return for Domonique Campbell (1) for the 2005 calendar year which did not include her income arising out of the program fraud charges, as identified in count six of indictment, and (2) for the 2006 calendar year that did not report her income from the sale of a house, as found in count seven of indictment. Although the origins of the claimed

4

unreported income on the two federal income tax returns do not appear to be facially related, it is the Government's position that these two counts arose out of the same act or series of acts, inasmuch as (1) there was a mutual agreement between these Defendants to collectively falsify the two tax returns, (2) both of the identified tax returns were prepared by Sandra Campbell for Domonique Campbell, (3) both completed returns were signed and submitted to the Government on the same day. Furthermore, in order to prove the existence of the omitted income alleged in count six, the Government must proffer evidence that is related to the claimed program fraud and money laundering, as alleged in counts one and two of the indictment. Thus, counts one, two, six, and seven, as the predicate acts of count eight, are "logically interrelated and involve overlapping proof." *See Swift*, 809 F.2d at 322. If count seven is severed, as suggested by the Defendant, the Government would be forced to prove the offense twice – once as a predicate of count eight and once in a separate trial for the offense itself. Therefore, count seven is properly joined under Fed. R. Crim. P. 8(b).

Even if a joinder is thought to be proper, a count may be severed pursuant to Fed. R. Crim. P. 14 if it appears to have unfairly prejudiced the defense. However, "[i]n order to prevail on a motion for severance, [an adversely affected] defendant must show compelling, specific, and actual prejudice from a court's refusal to grant the motion to sever." *United States v. Saadey*, 393 F.3d 669, 678 (6th Cir. 2005).

Here, the movant has expressed concern that the jury is likely to be confused by the volume and variety of the evidence on the different counts and may improperly conclude that if the evidence indicates guilt on counts one, two, six and eight, it may also conclude that she is criminally responsible for the alleged criminal conduct in count seven. Furthermore, it is her

concern that if this motion is not granted, she may be forced to respond to the charges in count seven but not as to other counts, or vice versa.

These arguments are unavailing. The Government has indicated that it may ask the Court to submit the Sixth Circuit Pattern Criminal Jury Instruction 2.01A to the jury which addresses the appropriate approach on how to consider evidence when a single defendant is charged with multiple crimes. Inasmuch as "juries are presumed capable of following instructions regarding the sorting of evidence and the separate consideration of multiple defendants," this instruction, if given, would be sufficient to prevent the type of prejudice anticipated by the movant. *United States v. Mays*, 69 F.3d 116, 120 (6th Cir. 1995) (citing *Swift*, 809 F.2d at 323); *United States v. Rugiero*, 20 F.3d 1387, 1391 (6th Cir. 1994) (jury is presumed to be "capable of sorting out evidence and considering each count and each defendant separately").

It is Domonique Campbell's contention that she may desire to testify regarding only some of the charges in the indictment, which will mandate a severance only if a "convincing showing" is made by her that she has "both important testimony to give concerning one count and [a] strong need to refrain from testifying on the other." *See United States v. Bowker*, 372 F.3d 365, 385 (6th Cir. 2004) (quoting *United States v. Martin*, 18 F.3d 1515, 1518-19 (10th Cir. 1994)), *vacated on other grounds*, 543 U.S. 1182 (2005). At this time, she has not proffered any evidence regarding her projected testimony that would meet the *Bowker* standard. Accordingly, her motion to sever count seven is denied.

### III.

The other Defendant, Sandra Campbell, filed a motion to dismiss count three or, in the

alternative, to sever this count from the indictment. For the reasons stated below, the Court will deny Sandra Campbell's motion to dismiss count three but will grant her motion to sever.

A pretrial motion to dismiss is permissible pursuant to Fed. R. Crim. P. 12(b)(2), which provides that "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue." This includes a motion wherein a defect in the indictment has been alleged. Fed. R. Crim. P. 12(b)(3)(B).

"Whether an indictment adequately alleges the elements of the offense is a question of law subject to de novo review." *United States v. Superior Growers Supply, Inc.*, 982 F.2d 173, 177 (6th Cir. 1992). "In deciding a motion to dismiss an indictment for failure to state an offense, a court need simply look to the facts alleged and determine whether those facts, 'if proved would establish *prima facie*, the defendant's commission of the crime.'" *United States v. McDaniel*, No. 1:05-CR-171, 2006 WL 839095, at *3 (W.D. Mich. Mar. 28, 2006) (citing *Superior Growers Supply, Inc.*, 982 F.2d at 176). Moreover, in deciding such a motion, "a court may look beyond the face of the indictment so long as the court does not decide disputed factual questions that lie within the province of the jury." *Id.* at *3 (citing *United States v. Levin*, 973 F.2d 463, 467 (6th Cir. 1992)).

Count three of the indictment alleges that Sandra Campbell fraudulently signed an affidavit for the sale of her home which affirmed that she (acting as the seller), and Laura Brown (acting as the buyer), are unrelated. The Government maintains that this statement is not true, in that Brown is Sandra Campbell's mother. The precise language within the relevant paragraph of the affidavit contains the following: "All Parties to the contract . . . [h]ereby affirm . . . [t]hat this is an 'Arm's Length Transaction' and that no party to this contract is a family

member, business associate, or share [sic] a business interest with the mortgagor." Def. Mot. Dismiss, Ex. 1.

In support of her motion, Sandra Campbell submits that her signing of this affidavit was not fraudulent because it does not prohibit a relationship between the buyer and the seller. She asserts that the term "family member" is limited by the phrase "with the mortgagor," and therefore this document only prohibits such a relationship between the parties and the mortgagor. Consistent with this logic, it is her contention that, inasmuch as she is not the mortgagor, her relationship with Brown - under these circumstances - is permissible. .

The Government, on the other hand, argues that the phrase "with the mortgagor" modifies only the phrase "share a business interest." Utilizing this interpretation as it pertains to the term, "family member," the Government asserts that (1) this challenged sentence means that no party is a family member *of any other party*, and (2) inasmuch as Brown and Sandra Campbell are parties to the contract who possess a family relationship, the movant's signature would constitute a material misrepresentation. The Court concludes that (1) this sentence - as written - is not sufficiently clear, and (2) neither of these two proposed interpretations perfectly resolves the ambiguity. Each strains the grammar or meaning of the sentence, as written. However, either interpretation seems to be a reasonable proposal.[2] Inasmuch as Sandra Campbell's motion to dismiss is seemingly based upon the belief that she has advanced the only reasonable interpretation of the affidavit, her motion to dismiss must be, and is, denied.

---

[2] Sandra Campbell argues that the ambiguity in the contract must be construed against the drafter, Ocwen Loan. It should be noted that Ocwen Loan is not a party in this litigation. However, she has not offered any authority which would support the proposition that an ambiguity should be interpreted against a non-drafter of the contested instrument, such as the Government in this case.

Alternatively, Sandra Campbell submits that count three had been improperly joined with counts one, two, four, five, and eight and should be severed from those counts. As noted above, there are no reported cases by the Sixth Circuit as to whether Rule 8(a) or Rule 8(b) applies in a case in which multiple defendants are joined but only a single defendant contests the joinder. However, unlike the above discussion of count seven, the choice of which section to apply arguably may affect the disposition of this motion by the Court.

According to Rule 8(b) - the standard that is followed by a majority of the circuits under these circumstances - count three is misjoined. The offense did not involve Domonique Campbell or her alleged conspiracies to defraud the DPSD and the United States Government. In fact, there is no logical nexus or overlapping evidence between count three and the remaining offenses.[3] Unlike count seven, it does not appear that count three serves as the predicate act for any other offense. Rather, it stands entirely alone. Thus, if considered under the standard of Rule 8(b), the Court should grant Sandra Campbell's motion, and Count three should be severed from the remaining counts.

The Government maintains that Count three is properly joined because - in its view - when assessing it under the language of Rule 8(a), the charge therein is similar in character to the other Counts, in that all of them involve fraud. Under the broadest interpretation of Rule 8(a), the Government is correct. *See, e.g.*, *United States v. Kurlemann*, No. 1:10-CR-14-3,

---

[3]The Government asserts that there is overlapping evidence that Sandra Campbell was living in this house when the search warrant for the program fraud was executed. However, this fact was not included in the indictment. Furthermore, it is relevant only to prove, or attempt to prove, that she and Brown fraudulently affirmed an entirely distinct paragraph from the affidavit that was never mentioned in the indictment. Therefore, this evidence will not be considered by the Court in determining if the joinder was proper. *See Frost*, 125 F.3d at 389 (whether joinder is proper under Rule 8 must be determined by allegations on face of indictment).

2010 WL 3743648, at *9 (S.D. Ohio Sept. 10, 2010) ("The mortgage fraud counts and bankruptcy fraud counts are properly joined pursuant to Fed.R.Crim.P. 8(a) because the charges are of the same or similar character, that is, fraud."); *but see United States v. Tubol*, 191 F.3d 88, 95 (2d Cir. 1999) (finding joinder of two robbery offenses improper where defendant "used distinctly different methods").

The primary reason to apply Rule 8(a) over Rule 8(b) in a case such as this, especially when multiple defendants are affected by the joinder, would be to take advantage of the increased opportunity for convenience and efficiency. *See Frost*, 125 F.3d at 389 ("The primary difference between the two sections is that it is easier to justify joinder under Rule 8(a) because, unlike Rule 8(b), it also permits joinder of offenses which are merely of the same or similar character."); *see also United States v. Chavis*, 296 F.3d 450, 460 (6th Cir. 2002) (judicial efficiency is "the predominant consideration in assessing the propriety of joinder); *United States v. Graham*, 275 F.3d 490, 512 (6th Cir. 2001) ("[T]he spirit of Rule 8(a) . . . is to promote the goals of trial convenience and judicial economy.") (internal quotation marks omitted). In this case, however, judicial economy is not a compelling factor. As the Sixth Circuit noted, "if the offenses arise out of separate and unrelated transactions, there is likely to be little saving in time and money in having a single trial." *Chavis*, 296 F.3d at 460; *see also United States v. Mullen*, 550 F.2d 373, 375 (1977) ("Very little time is saved since the charges usually involve different transactions. . . . Ordinarily the only time saved by such joinder [based on the "similar character" prong] is the selection of one jury rather than two."); *id.* (explaining that "similar character" prong of Rule 8(a) "combines the greatest danger of real prejudice to a defendant with the least promise of judicial economy."). The Government, while suggesting that a

severance of count three will force it to try the case twice, has failed to describe the evidence or identify any witness whose testimony must be duplicated in the event of a second trial.

After careful consideration, the Court will follow the majority rule and consider Sandra Campbell's motion under the standard of Rule 8(b). *See, e.g.*, *United States v. Dimora*, No. 1:11CR491, 2011 WL 6318395, at *3 (N.D. Ohio Dec. 16, 2011) (applying Rule 8(b) where motion implicated joinder of separate counts and multiple defendants). As a result, her motion to sever count three from the remaining counts is granted. Inasmuch as joinder is improper under Rule 8(b), the Court need not address Sandra Campbell's argument that severance is required by Fed. R. Crim. P. 14.

IV.

For the reasons that have been set forth above, the Court denies Dominique Campbell's motion to sever count seven and denies in part and grants in part Sandra Campbell's motion to dismiss count three with prejudice or in the alternative, to sever count three from the indictment and trial (ECF 37).

IT IS SO ORDERED.

Date:  February 25, 2013                                s/Julian Abele Cook, Jr.
                                                        JULIAN ABELE COOK, JR.
                                                        United States District Judge

11

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on February 25, 2013

                                                                                  s/ Kay Doaks
                                                                                  Case Manager