UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

v.

                                              Case No. 12-20054

SANDRA CAMPBELL, et al.,               Honorable Julian Abele Cook, Jr.

       Defendants.

## ORDER

On February 1, 2012, a grand jury returned a nine-count indictment against the Defendants, Sandra Campbell and Domonique Campbell, both of whom were accused of, *inter alia*, conspiring to defraud the Detroit Public School District ("DPS"), conspiracy to launder the proceeds of the scheme to defraud, and conspiracy to defraud the United States. Sandra Campbell has requested the admission of a certified copy of a police report which indicates that she reported her laptop stolen. The Government objects to the admission of the document because it contains hearsay statements.

A police report which contains the observations of the authoring officer is generally admissible as a business record if offered by the defendant. *United States v. Snyder*, 787 F.2d 1429, 1434 (10th Cir. 1986) ("[E]ntries in a police or investigating officer's report which result from the officer's own observations and knowledge" are admissible under Rule 803(6) if offered by the defendant); *United States v. Smith*, 521 F.2d 957, 964-65 (D.C. Cir. 1975). However, when the report contains statements of a third-party, those statements are considered hearsay and must meet a hearsay exception in order to be admitted. *Miller v. Field*, 35 F.3d 1088, 1091 (6th Cir. 1994). Here, the report contains out-of-court statements made by Sandra Campbell. Campbell has not

provided an exception to the hearsay rule which would allow the admission of these statements.

Nevertheless, a report that is offered for a non-hearsay purpose may be admissible. In this case, the police report offered by Sandra Campbell is admissible as evidence that she reported her laptop stolen but is not admissible as evidence that the laptop was actually stolen. *United States v. Ott*, 229 F.3d 1155, at *5 (6th Cir. 2000) (unpublished table decision) ("A police report detailing the facts of an alleged theft, which is offered only to prove that the theft was reported, says nothing whatsoever about whether that item was, in fact, actually stolen. Such a report is not offered to prove the truth of the matter asserted, and is not hearsay at all."); *see also United States v. Graham*, 391 F.2d 439, 448 (6th Cir. 1968) ("Were it relevant, the police record in evidence would of course be admissible as proof that the car to which it referred had been reported stolen.").

IT IS SO ORDERED.

Date: July 31, 2013                                                                 s/Julian Abele Cook, Jr.
                                                                                 JULIAN ABELE COOK, JR.
                                                                                 U.S. District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on July 31, 2013.

                                                                                                                              s/ Kay Doaks
                                                                                                                              Case Manager